# UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**JOHN MICHAEL WARREN,**
**DEBORAH COTE, ANDREW**
**BUNENKO, and MOHAMED YOUSSEF**
**AMIN BRIHMAT on behalf of**
**themselves and all others similarly**
**situated,**

        **CASE NO.:**

        **Plaintiffs,**

**vs.**

**DANAHER CORPORATION,**
**BECKMAN COULTER, INC.,**
**INTEGRATED DNA TECHNOLOGIES,**
**INC., PALL CORPORATION, CYTIVA,**
**and ABCAM**

        **Defendants.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs John Michael Warren, Deborah Cote, Andrew Bunenko and Mohamed Youssef Amin Brihmat ("Plaintiffs" or, individually, "Warren", "Cote", "Bunenko", or "Brihmat"), for themselves and on behalf of all others similarly situated, allege, upon personal knowledge as to themselves and upon information and belief as to others, as follows:

## INTRODUCTION

1.    This is a class and collective action brought by representatives who applied for employment with Defendant Danaher Corporation ("Danaher" or "Defendant") alleging violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.* ("FCRA"), New York State Human Rights Law, Article 15 §§ 290-301 ("NYSHRL"), California Fair Employment and Housing Act, Gov. Code § 12940 *et seq.* ("FEHA") and the Louisiana Employment Discrimination Law, LA Rev Stat § 23:312 ("LEDL"). Plaintiffs are seeking damages including back pay, front pay,

liquidated damages, punitive damages, lost benefits, compensatory damages, emotional distress, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which Plaintiffs are entitled, including, but not limited to, equitable relief.

2.    Danaher is an American Fortune 200 company. It operates globally, primarily in the life sciences, diagnostics and biotechnology sectors. Danaher, a conglomerate, is comprised of more than two dozen wholly owned subsidiaries (also referred to as "OpCos"), the largest of which are Pall Corporation, Cytiva US LLC, Beckman Coulter, Inc., Cepheid, Inc., HemoCue AB, Leica Microsystems GmbH, Leica Geosystems, Inc., Devicor Medical Products, Radiometer America, Inc., Abcam Ltd., Aldevron, LLC, Genedata AG, ID Business Solutions Ltd., Integrated DNA Technologies, Inc., Molecular Devices, LLC, Phenomenex, Inc., and AB Sciex LLC. (collectively "Danaher" or "OpCos"). Collectively, Danaher and its subsidiaries employ over 25,000 employees in the United States.

3.    Plaintiffs applied for various sales and account management positions (collectively "Covered Positions") across the country, in different cities and states, to work for Danaher and/or its OpCos. Their applications for employment were rejected, and they were never hired despite being as qualified and/or more qualified than younger applicants who were hired.

4.    Danaher and its OpCos pride themselves on attracting and retaining young workers. Danaher prefers not to hire, and actively eliminates from consideration for hire, older individuals for its sales, professional, and management positions based on age. Rather, it prefers to hire, and except in rare circumstances does hire younger individuals.

## DISCRIMINATION AGAINST OLDER WORKERS

5.    Danaher's discriminatory culture and practices have distributed the benefits of its enormous success unequally—systematically favoring younger applicants at the expense of their

older counterparts.

6.     Danaher maintains hiring policies and practices which intentionally give preference to younger applicants solely based on their age, resulting in the disproportionate employment of employees under the age of 40. The systemic discrimination correlates with the ages of the applicants. The older the applicants, the less likely they are to be considered for a position.

7.     As a result of this bias, qualified older applicants have been routinely and systematically excluded from job opportunities.

## JURISDICTION AND VENUE

8.     This Court has original subject matter jurisdiction over the ADEA claims pursuant to 28 U.S.C. § 1331 and Section 7(c) of the ADEA, 29 U.S.C. § 626(c).

9.     This Court has supplemental jurisdiction over the FCRA, NYSHRL, FEHA and LEDL claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

10.     This Court has personal jurisdiction over Defendant because it transacts business in, directs recruiting and hiring activities into, and caused injury within this District.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and because Danaher is subject to this Court's personal jurisdiction with respect to this civil action.

## ADMINISTRATIVE PREREQUISITES

12.     Plaintiff Warren has exhausted his administrative remedies and complied with all statutory prerequisites for his ADEA and LEDL claims. On or about October 28, 2025, Warren dual-filed a class charge of age discrimination under the ADEA and LEDL with the Equal

Employment Opportunity Commission ("EEOC") and the Louisiana Commission on Human Rights ("LCHR") on behalf of himself and all other similarly-situated applicants over the age of 40 alleging systemic age discrimination in Danaher's hiring practices. Pursuant to the EEOC's work-sharing agreement with the LCHR, Warren's charge is considered dually filed with the LCHR. Warren has received his Notice of Right to Sue. This action is brought within ninety (90) days of his receipt of that Notice of Right to Sue.

13.    Plaintiff Cote has exhausted her administrative remedies and complied with all statutory prerequisites for her ADEA and FCRA claims. On or about December 19, 2025, Cote dual-filed a class charge of age discrimination under the ADEA and FCRA with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on behalf of herself and all other similarly-situated applicants over the age of 40 alleging systemic age discrimination in Danaher's hiring practices. Pursuant to the EEOC's work-sharing agreement with the FCHR, Cote's charge is considered dually filed with the FCHR. Cote has received her Notice of Right to Sue. This action is brought within ninety (90) days of her receipt of that Notice of Right to Sue.

14.    Plaintiff Bunenko has exhausted his administrative remedies and complied with all statutory prerequisites for his ADEA and FEHA claims. On or about November 3, 2025, Bunenko dual-filed a class charge of age discrimination under the ADEA and FEHA with the Equal Employment Opportunity Commission ("EEOC") and the California Civil Rights Department ("CCRD") on behalf of himself and all other similarly-situated applicants over the age of 40 alleging systemic age discrimination in Danaher's hiring practices. Pursuant to the EEOC's work-sharing agreement with the CCRD, Bunenko's charge is considered dually filed with the CCRD. Bunenko has received his Notice of Right to Sue. This action is brought within ninety (90) days of

his receipt of that Notice of Right to Sue.

15.    Plaintiff Brihmat has exhausted his administrative remedies and complied with all statutory prerequisites for his ADEA and NYSHRL claims. On or about December 1, 2025, Brihmat dual-filed a class charge of age discrimination under the ADEA and NYSHRL with the Equal Employment Opportunity Commission ("EEOC") and New York State Division of Human Rights ("NYSDHR") on behalf of himself and all other similarly-situated applicants over the age of 40 alleging systemic age discrimination in Danaher's hiring practices. Pursuant to the EEOC's work-sharing agreement with the NYSDHR, Brihmat's charge is considered dually filed with the NYSDHR. Brihmat has received his Notice of Right to Sue. This action is brought within ninety (90) days of his receipt of that Notice of Right to Sue.

16.    Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

17.    Plaintiff John Michael Warren is currently fifty-nine (59) years old and a resident of Louisiana.

18.    Plaintiff Deborah Cote is currently sixty-one (61) years old and a Florida resident.

19.    Plaintiff Andrew Bunenko is currently sixty-six (66) years old and a California resident.

20.    Plaintiff Mohamed Youssef Amin Brihmat is currently sixty (60) years old and a New York resident.

21.    Defendant Danaher is an American Fortune 200 company. Its principal place of business is located at 2200 Pennsylvania Avenue, NW, Suite 800W, Washington, D.C. 20037. Defendant Danaher's OpCos are located throughout the United States.

22.    Defendant Beckman Coulter is headquartered in Indianapolis, Indiana, and

provides precision instruments to laboratories. Beckman Coulter employs several thousand people and operates nationwide.

23.     Defendant Integrated DNA is headquartered in Coralville, Iowa, operates nationally, and is in the DNA and RNA synthesis business. Integrated DNA employs several thousand people.

24.     Defendant Pall is headquartered in Port Washington, New York, provides high-tech filtration, separation and purification services. Pall employs several thousand people.

25.     Defendant Cytiva is headquartered in Marlborough, Massachusetts and develops technologies and services to advance science. Cytiva employs over 10,000 people.

26.     Defendant Abcam is headquartered in Waltham, Massachusetts and provides biological tools and data to the research community. Abcam employs over 1,800 people.

## FACTUAL ALLEGATIONS

## DANAHER'S RECRUITING AND HIRING PRACTICES

27.     Danaher is the parent company to its OpCos, including Defendants Beckman Coulter, Integrated DNA, Pall, Cytiva and Abcam.

28.     Danaher maintains centralized control over its OpCos, including all recruiting and hiring practices. Danaher's policies and practices are imposed upon all of its OpCos.

29.     Danaher dictates policy for its OpCos and has the power to implement, enforce and ensure compliance with its policies. Among other things, Danaher issues enterprise-wide recruiting and hiring guidelines, approves the use of particular screening tools and criteria, and requires its OpCos to route Covered Position requisitions and candidate slates through centralized corporate review.

30.     For all practical purposes, Danaher's level of policy-making and financial control

6

creates an integrated enterprise between Danaher and its OpCos.

31.    Alternatively, because Danaher exerted significant control over the terms and conditions of its OpCos' employees, Danaher is a joint-employer of its OpCos' employees.

32.    Danaher and its OpCos use Workday as the applicant tracking system to manage, maintain and organize applicant and employee information.

33.    Danaher maintains control over Workday and therefore has control over all applicants and employee data.

34.    Danaher's centralized Talent Acquisition Department ("Talent Acquisition") controlled the recruiting and hiring process for open positions.

35.    Talent Acquisition collected applications for open positions. It screened applicants to create a slate of candidates for the hiring manager (or interview panel) to interview. That is, it made an initial determination as to which applicants progressed to the "candidate" stage in the hiring process.

36.    Applicants that did not progress out of the applicant stage had no opportunity to interview for the position and were effectively "rejected" for the position. Only candidates selected for interview remained in contention for the position.

37.    Through Workday and other AI applications, Danaher weeded out older applicants for employment.

38.    Danaher also solicited applicant information correlated to age, including school graduation years, to weed out older candidates.

39.    Defendants' online application process required or strongly encouraged applicants to provide educational history with graduation dates and complete work history. Defendants then used that information to infer and screen out older applicants.

40.    The result of these policies and practices was that, across Defendants' OpCos the proportion of applicants ages 40 and over who were advanced to interviews or hired into the Covered Positions was substantially lower than the proportion of younger applicants, even though older applicants were equally or more qualified. Defendants' policies and practices thus had both the purpose and effect of disproportionately excluding applicants ages 40 and over.

## CLAIMS OF REPRESENTATIVE PLAINTIFF WARREN

41.    Plaintiff Warren is a Cardiovascular Sales Representative who lives in Louisiana. He was born in 1967 and is currently fifty-nine (59) years old. He has more than twenty years of successful experience in medical and cardiovascular sales. He previously held successful pharmaceutical and diagnostic sales and account-management roles with companies including Purdue Pharma, Quest Diagnostics, and Novartis Pharmaceuticals, where he earned top regional and national rankings.

42.    On or about January 29, 2025, Plaintiff Warren applied for the position of Key Account Manager with Beckman Coulter.

43.    Plaintiff Warren met or exceeded all stated qualifications for the Key Account Manager position and was well qualified based on his long history of exceeding sales goals in cardiovascular and diagnostic products and his demonstrated ability to collaborate with internal and external stakeholders to manage and grow key accounts.

44.    His employment application was rejected by Beckman Coulter, a Danaher OpCo, with no interview. Upon information and belief, substantially younger, less qualified candidates were interviewed or hired for the position to which he applied.

45.    Plaintiff Warren was excluded from consideration because of his age.

46.    Instead, on information and belief, Danaher hired a substantially younger individual

who was not more qualified than Warren to fill the position.

## CLAIMS OF REPRESENTATIVE PLAINTIFF COTE

47.     Plaintiff Cote is a Sales Representative who lives in Florida. She was born in 1965 and is currently sixty-one (61) years old. She has more than twenty-five years of experience in sales, including extensive experience selling diagnostic and life sciences products similar to those offered by Defendants.

48.     On or about March 14, 2025, Plaintiff Cote applied for the position of Key Account Manager with Integrated DNA Technologies, Inc.

49.     Plaintiff Cote met or exceeded all stated qualifications for this position and was well-qualified based on her extensive sales and account management experience.

50.     Her employment application was rejected by Integrated DNA Technologies, Inc., a Danaher OpCo, with no interview. Upon information and belief, substantially younger, less qualified candidates were interviewed or hired for the position to which she applied, and Integrated DNA Technologies instead hired a substantially younger individual, who was not more qualified than Plaintiff Cote.

## CLAIMS OF REPRESENTATIVE PLAINTIFF BUNENKO

51.     Plaintiff Bunenko is a Director of Business Development who lives in California. He was born in 1960 and is currently sixty-six (66) years old.  He has decades of experience in senior-level sales, business development, and account management in the life sciences and related industries, including managing sales teams and multimillion-dollar customer accounts.

52.     Plaintiff Bunenko applied for multiple positions for which he was qualified with Danaher and its OpCos, including: (a) Senior Sales Manager at Beckman Coulter on or about June 25, 2025; (b) Regional Sales Manager at Pall on or about September 2, 2025; (c) Global Strategic

Account Director at Cytiva on or about October 23, 2025; and (d) Director of Sales at Abcam on or about October 15, 2025.

53.    For each of these positions, Plaintiff Bunenko met or exceeded the stated qualifications and was well-qualified based on his decades of business development, sales leadership, and strategic account experience, and growing a $25 million sales territory in the life sciences and related markets.

54.    Despite meeting the requirements, Plaintiff Bunenko was denied the opportunity to interview for every position for which he applied.

55.    Upon information and belief, substantially younger, less qualified candidates were hired for the positions for which Plaintiff Bunenko applied but for which he was not hired.

## CLAIMS OF REPRESENTATIVE PLAINTIFF BRIHMAT

56.    Plaintiff Brihmat is a sales professional who lives in New York. He was born in 1966 and is currently sixty (60) years old. He has more than twenty years of experience in sales and account management, including in highly technical and regulated industries.

57.    Plaintiff Brihmat applied for multiple positions for which he was qualified with Danaher and its OpCos, including: (a) North America Sales Leader at Pall Corporation on or about April 24, 2025; and (b) Senior Sales Manager on or about June 23, 2025.

58.    For each of these positions, Plaintiff Brihmat met or exceeded the stated qualifications and was well-qualified based on his extensive experience in sales, account management, and sales leadership in technical and regulated industries.

59.    Despite meeting the requirements, Plaintiff Brihmat was denied the opportunity to interview for every position for which he applied.

60.    Upon information and belief, substantially younger, less qualified candidates were

10

hired for the positions for which Plaintiff Brihmat applied but for which he was not hired, including a substantially younger individual hired by Pall Corporation for the North America Sales Leader position.

## COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiffs bring this collective action pursuant to 29 U.S.C. §§ 216(b), 626(b) seeking liability-phase injunctive and declaratory relief on behalf of a collective of all individuals age forty (40) or older who applied for any of the Covered Positions with Danaher or its OpCos in the United States, were not hired, and were notified or otherwise learned that they were not hired at any time during the applicable statute of limitations, through the resolution of this action for claims under the ADEA. Plaintiffs also bring this collective action pursuant to 29 U.S.C. §§ 216(b), 626(b) for monetary damages and other make-whole relief on behalf of a collective of all individuals age forty (40) or older who applied for any of the Covered Positions with Danaher or its OpCos in the United States, were not hired, and were notified or otherwise learned that they were not hired at any time during the applicable statute of limitations, through the resolution of this action for claims under the ADEA.

62.     Plaintiffs and other potential members of the collective are similarly situated in that they have all sought and been denied Covered Positions, due to policies and practices that have the purpose and effect of denying them employment opportunities because of their age.

63.     There are many similarly situated collective members who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Notice should be sent to the collective pursuant to 29 U.S.C. §§ 216(b), 626(b).

64.     As part of its regular business practice, Danaher has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the ADEA with respect to

Plaintiffs and the collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully utilizing a biased recruiting system for Covered Positions that excludes, and discriminates against workers ages 40 and over;

    b. unlawfully soliciting age-related information in the application process for the purpose of screening and excluding older applicants;

    c. willfully implementing a discriminatory AI driven application process that screened out applicants ages 40 and over; and

    d. willfully refusing to consider, interview or hire qualified applicants ages 40 and over for the Covered Positions.

65. Danaher maintained and implemented these policies and practices with the purpose and effect of denying Plaintiffs and other members of the collective employment opportunities because of their age. These policies cannot be justified on the basis of reasonable factors other than age.

66. Danaher is aware or should have been aware that federal law requires it to conduct recruitment and hiring for the Covered Positions without regard to an applicant's age.

## CLASS ACTION ALLEGATIONS UNDER THE STATE LAWS

### *Florida*

67. Plaintiff Cote also brings this class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (c)(4) seeking liability-phase injunctive and declaratory relief under the FCRA on behalf of a class of all applicants, ages 40 and older, who applied for a Covered Position with Danaher or Integrated DNA Technologies, Inc. in Florida during the applicable statute of limitations, and were not hired, through the resolution of this action. Plaintiff Cote also brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) for monetary

damages and other make-whole relief under the FCRA on behalf of a class of all applicants, ages 40 and older, who during the applicable statute of limitations applied for a Covered Position in Florida with Integrated DNA Technologies, Inc., and were not hired, at any time through the resolution of this action. Plaintiff Cote reserves the right to amend the definition of the class based on discovery or legal developments.

68.    Plaintiff is a member of the class she seeks to represent.

69.    The members of the class identified herein are so numerous that joinder of all members is impracticable.

70.    There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual members. Common questions include, among others:

(a) whether Defendant's policies or practices discriminate against applicants age 40 and older;

(b) whether Defendant intentionally disfavors applicants ages 40 and older;

(c) whether Defendant's policies and practices violate the FCRA;

(d) whether Defendant's challenged policies or practices are necessary to its business operations;

(e) whether age is a bona fide occupational qualification; and

(f) whether equitable remedies, injunctive relief, economic damages, compensatory damages, and punitive damages for the class are warranted.

71.    Plaintiff Cote's claims are typical of the claims of the Florida class.

72.    Plaintiff Cote will fairly and adequately represent and protect the interests of the members of the Florida class. Plaintiff has retained counsel competent and experienced in complex

class actions, employment discrimination litigation, and the intersection thereof.

73.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole. The class members are entitled to injunctive relief to end Defendant's common, uniform, unfair, and discriminatory policies and practices.

74.    Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Defendant's common, uniform, unfair, and discriminatory policies and practices. The propriety and amount of punitive damages are based on its conduct, making these issues common to the class.

### *Louisiana*

75.    Plaintiff Warren also brings this class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (c)(4) seeking liability-phase injunctive and declaratory relief under the LEDL on behalf of a class of all applicants, ages 40 and older, who during the applicable statute of limitations applied for Covered Positions in Louisiana, and were not hired, through the resolution of this action. Plaintiff Warren also brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) for monetary damages and other make-whole relief under the LEDL on behalf of a class of all qualified applicants, age 40 and older, who applied for a Covered Position in Louisiana during the applicable statute of limitations with Danaher or Beckman Coulter and were not hired, at any time through the resolution of this action. Plaintiff Warren reserves the

right to amend the definition of the class based on discovery or legal developments.

76.    Plaintiff is a member of the class he seeks to represent.

77.    The members of the class identified herein are so numerous that joinder of all members is impracticable.

78.    There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual members. Common questions include, among others:

(a) whether Defendant's policies or practices discriminate against applicants ages 40 and older;

(b) whether Defendant intentionally disfavors applicants ages 40 and older;

(c) whether Defendant's policies and practices violate the LEDL;

(d) whether Defendant's challenged policies or practices are necessary to its business operations;

(e) whether age is a bona fide occupational qualification; and

(f) whether equitable remedies, injunctive relief, economic damages, compensatory damages, and punitive damages for the class are warranted.

79.    Plaintiff Warren's claims are typical of the claims of the Louisiana class.

80.    Plaintiff Warren will fairly and adequately represent and protect the interests of the members of the Louisiana class. Plaintiff has retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

81.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as

a whole. The class members are entitled to injunctive relief to end Defendant's common, uniform, unfair, and discriminatory policies and practices.

82.    Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Defendant's common, uniform, unfair, and discriminatory policies and practices. The propriety and amount of punitive damages are based on Defendant's conduct, making these issues common to the class.

### *California*

83.    Plaintiff Bunenko also brings this class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (c)(4) seeking liability-phase injunctive and declaratory relief under the FEHA on behalf of a class of all applicants, ages 40 and older, who applied for Covered Positions in California during the applicable statute of limitations, and were not hired, through the resolution of this action. Plaintiff Bunenko also brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) for monetary damages and other make-whole relief under the FEHA on behalf of a class of all qualified applicants ages 40 and older, who applied for a Covered Position in California with Danaher, Beckman Coulter, Pall, Abcam, and Cytiva and were not hired, at any time through the resolution of this action. Plaintiff Bunenko reserves the right to amend the definition of the class based on discovery or legal developments.

84.    Plaintiff is a member of the class he seeks to represent.

85.    The members of the class identified herein are so numerous that joinder of all members is impracticable.

86.    There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual members. Common questions include, among others:

(a) whether Defendants' policies or practices discriminate against applicants and ages 40 and older;

(b) whether Defendants intentionally disfavors applicants ages 40 and older;

(c) whether Defendants' policies and practices violate the FEHA;

(d) whether Defendants' challenged policies or practices are necessary to its business operations;

(e) whether age is a bona fide occupational qualification; and

(f) whether equitable remedies, injunctive relief, economic damages, compensatory damages, and punitive damages for the class are warranted.

87.    Plaintiff Bunenko's claims are typical of the claims of the California class.

88.    Plaintiff Bunenko will fairly and adequately represent and protect the interests of the members of the California class. Plaintiff has retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

89.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole. The class members are entitled to injunctive relief to end Defendant's common, uniform, unfair, and discriminatory policies and practices.

90.    Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only

individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Defendant's common, uniform, unfair, and discriminatory policies and practices. The propriety and amount of punitive damages are based on Defendant's conduct, making these issues common to the class.

### *New York*

91.     Plaintiff Brihmat also brings this class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (c)(4) seeking liability-phase injunctive and declaratory relief under the NYSHRL on behalf of a class of all applicants ages 40 and older, who applied for Covered Positions in New York, and were not hired, through the resolution of this action.

92.     Plaintiff Brihmat also brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) for monetary damages and other make-whole relief under the NYSHRL on behalf of a class of all   qualified applicants, age*s* 40 and older, who during the applicable statute of limitations applied for a Covered Position in New York with Danaher or Pall and were not hired, at any time through the resolution of this action.  Plaintiff Brihmat reserves the right to amend the definition of the class based on discovery or legal developments.

93.     Plaintiff is a member of the class he seeks to represent.

94.     The members of the class identified herein are so numerous that joinder of all members is impracticable.

95.     There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual members. Common questions include, among others:

(a) whether Defendant's policies or practices exclude prospective applicants

ages 40 and over from applying to the Covered Positions;

(b) whether Defendant intentionally disfavors applicants ages 40 and older;

(c) whether Defendant's policies and practices violate the NYSHRL;

(d) whether Defendant's challenged policies or practices are necessary to its business operations;

(e) whether age is a bona fide occupational qualification; and

(f) whether equitable remedies, injunctive relief, economic damages, compensatory damages, and punitive damages for the class are warranted.

96.    Plaintiff Brihmat's claims are typical of the claims of the New York class.

97.    Plaintiff Brihmat will fairly and adequately represent and protect the interests of the members of the New York class. Plaintiff has retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

98.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole. The class members are entitled to injunctive relief to end Defendant's common, uniform, unfair, and discriminatory policies and practices.

99.    Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Defendant's common, uniform, unfair, and discriminatory policies and practices. The propriety and amount of punitive damages are based on Defendant's

conduct, making these issues common to the class.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
#### Intentional Discrimination
#### (Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623(a)(1))
#### (On Behalf of Plaintiffs and the Collective)

100.    Named Plaintiffs incorporate the preceding paragraphs 1-99 as alleged above.

101.    Danaher engages in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against applicants and prospective applicants ages 40 and older. Danaher has intentionally discriminated against Plaintiffs and the collective in violation of the ADEA by, among other things:

    a.  willfully utilizing a biased recruiting system for Covered Positions that excludes, and discriminates against workers ages 40 and over;

    b.  unlawfully soliciting age-related information in the application process for purpose of screening and excluding older applicants;

    c.  willfully implementing a discriminatory AI driven application process that screened out applicants ages 40 and over; and

    d.  willfully refusing to consider, interview or hire qualified applicants ages 40 and over for the Covered Positions.

102.    These company-wide policies are intended to and do have the effect of denying Plaintiffs and the collective employment opportunities because of their age. The discriminatory acts that constitute Danaher's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

103.    Age is not a bona fide occupational qualification for the Covered Positions.

104.    As a direct result of Danaher's discriminatory policies and/or practices as described

above, Plaintiffs and the collective have suffered damages including, but not limited to, lost past and future income, liquidated damages, punitive damages, compensation, and benefits.

105.    The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 29 U.S.C. § 623(a)(1).

106.    Plaintiffs request relief as hereinafter described.

## SECOND CLAIM FOR RELIEF
### Intentional Age Discrimination
### Florida Civil Rights Act §760.01-760.11 (On Behalf of Plaintiff Cote and the Florida Class)

107.    Plaintiff Cote incorporates the preceding paragraphs 1-40; 47-50 as alleged above.

108.    Danaher and Integrated DNA engage in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against applicants and prospective applicants ages 40 and older applied for Covered Positions in Florida. Danaher and Integrated DNA intentionally discriminated against Plaintiff and the Florida class in violation of the FCRA by, among other things:

    a.    willfully utilizing a biased recruiting system for Covered Positions that excludes, and discriminates against workers ages 40 and over;

    b.    unlawfully soliciting age-related information in the application process for purpose of screening and excluding older applicants;

    c.    willfully implementing a discriminatory AI driven application process that screened out applicants ages 40 and over; and

    d.    willfully refusing to consider, interview or hire qualified applicants ages 40 and over for the Covered Positions.

109.    These company-wide policies are intended to and do have the effect of denying Plaintiffs and the Florida Class employment opportunities in Florida because of their age. The discriminatory acts that constitute Danaher's pattern and/or practice of discrimination have

occurred both within and outside the liability period in this case.

110.    Age is not a bona fide occupational qualification for the Covered Positions.

111.    As a direct result of the discriminatory policies and/or practices as described above, Plaintiffs and the Florida Class have suffered damages including, but not limited to, lost past and future income, liquidated damages, punitive damages, compensation, and benefits.

112.    The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by the FCRA.

**THIRD CLAIM FOR RELIEF**
**Intentional Age Discrimination**
**Louisiana Employment Discrimination Law,** LA Rev Stat § 23:312 ("LEDL")
**(On Behalf of Plaintiff Warren and the Louisiana Class)**

113.    Plaintiff Warren incorporates the preceding paragraphs 1-46 as alleged above.

114.    Danaher engages in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against applicants and prospective applicants ages 40 and older who applied for Covered Positions in Louisiana. Danaher has intentionally discriminated against Plaintiff and the Louisiana class in violation of the LEDL by, among other things:

a.    willfully utilizing a biased recruiting system for Covered Positions that excludes, and discriminates against workers ages 40 and over;

b.    unlawfully soliciting age-related information in the application process for purpose of screening and excluding older applicants;

c.    willfully implementing a discriminatory AI driven application process that screened out applicants ages 40 and over; and

d.    willfully refusing to consider, interview or hire qualified applicants ages 40 and over for the Covered Positions.

115.    These company-wide policies are intended to and do have the effect of denying

22

Plaintiffs and the Louisiana Class employment opportunities in Louisiana because of their age. The discriminatory acts that constitute Danaher's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

116.    Age is not a bona fide occupational qualification for the Covered Positions.

117.    As a direct result of Danaher and Beckman Coulter's discriminatory policies and/or practices as described above, Plaintiffs and the Louisiana Class have suffered damages including, but not limited to, lost past and future income, liquidated damages, punitive damages, compensation, and benefits.

118.    The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by the LEDL.

**FOURTH CLAIM FOR RELIEF**
**Intentional Age Discrimination**
**California Fair Employment and Housing Act, Gov. Code § 12940 et seq. ("FEHA")**
**(On Behalf of Plaintiff Bunenko and the California Class)**

119.    Plaintiff Bunenko incorporates the preceding paragraphs 1-40; 51-55 as alleged above.

120.    Danaher engages in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against applicants and prospective applicants ages 40 and older who applied for Covered Positions in California. Danaher, Beckman Coulter, Pall, Cytiva, and Abcam have intentionally discriminated against Plaintiff and the California class in violation of the FEHA by, among other things:

    a.    willfully utilizing a biased recruiting system for Covered Positions that excludes, and discriminates against workers ages 40 and over; and

    b.    unlawfully soliciting age-related information in the application process for purpose of screening and excluding older applicants;

    c.   willfully implementing a discriminatory AI driven application process that screened out applicants ages 40 and over; and

    d.   willfully refusing to consider, interview or hire qualified applicants ages 40 and over for the Covered Positions.

121.    These company-wide policies are intended to and do have the effect of denying Plaintiffs and the California Class employment opportunities in California because of their age. The discriminatory acts that constitute Danaher, Beckman Coulter, Pall, Cytiva, and Abcam pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

122.    Age is not a bona fide occupational qualification for the Covered Positions.

123.    As a direct result of Danaher's discriminatory policies and/or practices as described above, Plaintiffs and the California Class have suffered damages including, but not limited to, lost past and future income, liquidated damages, punitive damages, compensation, and benefits.

124.    The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by the FEHA.

**FIFTH CLAIM FOR RELIEF**
**Intentional Age Discrimination**
**New York State Human Rights Law, Article 15 §§ 290-301("NYSHRL")**
**(On Behalf of Plaintiff Brihmat and the New York Class)**

125.    Plaintiff Brihmat incorporates the preceding paragraphs1-40; 56-60 as alleged above.

126.    Danaher engages in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against applicants and prospective applicants ages 40 and older who applied for Covered Positions in New York. Danaher and Pall have intentionally discriminated against Plaintiff and the New York class in violation of the NYSHRL by, among

other things:

    a.   willfully utilizing a biased recruiting system for Covered Positions that excludes, and discriminates against workers ages 40 and over;

    b.   unlawfully soliciting age-related information in the application process for purpose of screening and excluding older applicants;

    c.   willfully implementing a discriminatory AI driven application process that screened out applicants ages 40 and over; and

    d.   willfully refusing to consider, interview or hire qualified applicants ages 40 and over for the Covered Positions.

127.    These company-wide policies are intended to and do have the effect of denying Plaintiffs and the New York Class employment opportunities in New York because of their age. The discriminatory acts that constitute Danaher's and Pall's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

128.    Age is not a bona fide occupational qualification for the Covered Positions.

129.    As a direct result of Danaher's discriminatory policies and/or practices as described above, Plaintiffs and the New York Class have suffered damages including, but not limited to, lost past and future income, liquidated damages, punitive damages, compensation, and benefits.

130.    The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by the NYSHRL.

## **ALLEGATIONS REGARDING INJUNCTIVE RELIEF**

131.    Plaintiffs and the members of the putative classes and collective lack an adequate remedy at law to redress the ongoing harms described herein. Absent injunctive relief, they will continue to suffer irreparable injury from Danaher's discriminatory policies, practices, and

procedures. An injunction is therefore necessary to prevent continuing violations and to restore equal employment opportunity.

132.    Defendants' actions have caused and continue to cause Plaintiffs and class and collective members substantial losses in employment opportunities, earnings, and other employment benefits.

133.    In addition, Plaintiffs and class and collective members suffered and continue to suffer emotional distress, humiliation, embarrassment, and anguish, all to their damage in an amount according to proof.

134.    Defendants performed the acts herein alleged with intentional malice, willfulness, deceit, oppression, or fraud. Plaintiffs and class members are thus entitled to recover punitive damages in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the class and collective pray for relief as follows:

(a) Certification of the case as a class action on behalf of the proposed Florida class;

(b) Designation of Plaintiff Cote as representative of the Florida class;

(c) Certification of the case as a class action on behalf of the proposed Louisiana class;

(d) Designation of Plaintiff Warren as representative of the Louisiana class;

(e) Certification of the case as a class action on behalf of the proposed California class;

(f) Designation of Plaintiff Bunenko as representative of the California class;

(g) Certification of the case as a class action on behalf of the proposed New

York class;

(h) Designation of Plaintiff Brihmat as representative of the New York class;

(i) Certification of the action as a nation-wide collective action under the ADEA;

(j) Designation of Plaintiffs Warren, Cote, Bunenko, and Brihmat as representatives of the nation-wide collective action under the ADEA;

(k) Designation of Representative Plaintiffs' counsel of record as class and collective counsel;

(l) A declaratory judgment that the practices complained of herein are unlawful and violate 29 U.S.C. §§ 621, *et seq*., the Florida Civil Rights Act, New York State Human Rights Law, Article 15 §§ 290-301("NYSHRL"), California Fair Employment and Housing Act, Gov. Code § 12940 *et seq.* ("FEHA") and the Louisiana Employment Discrimination Law, LA Rev Stat § 23:312 ("LEDL");

(m) A preliminary and permanent injunction against Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiffs and the classes and/or collective because of their age;

(n) An order that Defendants institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of age, and that it eradicate the effects of their past and present unlawful employment practices;

(o) An order appointing a monitor to ensure that Defendants comply with the injunction provisions of any decree that the Court orders;

(p) An order retaining jurisdiction over this action to ensure that Defendants comply with such a decree;

(q) An order for front pay benefits to Plaintiffs and class and collective Members;

(r) Back pay (including interest and benefits) for Plaintiffs and class and collective members;

(s) All damages sustained as a result of Defendants' conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

(t) Liquidated damages;

(u) Exemplary and punitive damages in an amount commensurate with Defendants' ability to pay and to deter future conduct;

(v) Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(w) Pre-judgment and post-judgment interest, as provided by law; and

(x) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and 29 U.S.C. §626(c)(2), Plaintiffs demand a trial by jury in this action.

Dated: February 19, 2026.

Respectfully submitted by,

***/s/ George G. Triantis***
GEORGE G. TRIANTIS, ESQ.
D.C. Bar No.: 1671995
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-577-4761
Facsimile: 813559-4870
Gtriantis@forthepeople.com

Marc R. Edelman, Esq.
(*Pro Hac Vice* Forthcoming)
Florida Bar No.: 0096342
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-577-4722
Facsimile: 813-257-0572
medelman@forthepeople.com

Gregory R. Schmitz, Esq.
(*Pro Hac Vice* Forthcoming)
Florida Bar No.: 0094694
C. Ryan Morgan, Esq.
(*Pro Hac Vice* Forthcoming)
Florida Bar No.: 15527
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
Orlando, Florida 32801
Telephone: (407) 204-2170
Facsimile:  (407) 245-3401
gschmitz@forthepeople.com
rmorgan@forthepeople.com

Sophia L. Walker
(*Pro Hac Vice Forthcoming*
Florida Bar No.: 1068754
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-424-5603
Facsimile: 813-329-6944
sophia.walker@forthepeople.com
*Attorneys for Plaintiffs*