**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JOHN MICHAEL WARREN,<br>DEBORAH COTE,<br>ANDREW BUNENKO, and<br>MOHAMED YOUSSEF AMIN BRIHMAT,<br>on behalf of themselves and all others<br>similarly situated,<br><br>              Plaintiffs,<br><br>     v.<br><br>DANAHER CORPORATION,<br>BECKMAN COULTER, INC.,<br>INTEGRATED DNA TECHNOLOGIES, INC.,<br>PALL CORPORATION,<br>CYTIVA, and<br>ABCAM<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 1:26-cv-00556-RDM |

**DEFENDANTS' MEMORANDUM OF POINTS**
**AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO EXTEND THE DEADLINE FOR CLASS CERTIFICATION**

**TABLE OF CONTENTS**

**Page**

BACKGROUND .................................................................................................................. 3

ARGUMENT ..................................................................................................................... 4

I.     THE EXCUSABLE NEGLECT STANDARD APPLIES BECAUSE
       PLAINTIFFS MISSED THEIR DEADLINE. ................................................... 6

II.    PLAINTIFFS HAVE NOT ESTABLISHED EXCUSABLE NEGLECT. ........................ 9

       A.     The Purported Reason For Plaintiffs' Delay Is Not Reasonable. .......................... 11

       B.     Plaintiffs' Motion Is Not Based On A Good Faith Misinterpretation. ................. 13

       C.     Defendants Will Suffer Prejudice If Plaintiffs' Requested Extension Of
              Time To Move For Certification Is Granted. ........................................................ 16

       D.     Granting Plaintiffs' Motion Will Significantly Impact The Proceedings. ............. 20

III.   PLAINTIFFS HAVE NOT ESTABLISHED GOOD CAUSE. .................................... 22

CONCLUSION ................................................................................................................. 24

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aliotta v. Bair*,
614 F.3d 556 (D.C. Cir. 2010) ................................................................................24

*Andresen v. Intepros Fed., Inc.*,
Civil Action No. 15-446 (EGS), 2024 WL 4164660 (D.D.C. Sept. 12, 2024) ........10

*Black Panther Party v. Smith*,
661 F.2d 1243 (D.C. Cir. 1981) ....................................................................... *passim*

*Brown v. JP Morgan Chase*,
Civil Action No. 14-2031 (ABJ), 2019 WL 3854765 (D.D.C. May 10, 2019) ........11

*Cryer v. InterSolutions, Inc.*,
Civil Action No. 06-2032 (EGS), 2007 WL 1191928 (D.D.C. Apr. 20, 2007) ............... *passim*

*Davis v. Dist. of Columbia*,
949 F. Supp. 2d 1 (D.D.C. 2013) ............................................................................24

*Dist. of Columbia for Use & Benefit of Z-Modular, LLC v. MCN Build, Inc.*,
Civil Case No. 18-cv-02947 (RJL), 2021 WL 4318241 (D.D.C. Sept. 23,
2021) .......................................................................................................................14

*Escamilla v. Nuyen*,
Civil Action No. 14-00852 (RMM), 2017 WL 4296718 (D.D.C. Sept. 26,
2017) .......................................................................................................................11

*Gerlich v. U.S. Dep't of Just.*,
Civil Action No. 08-1134 (JDB), 2010 WL 11595271 (D.D.C. Apr. 19, 2010) ................7, 17

*Gregorio v. Gordon*,
215 F. Supp. 3d 1 (D.D.C. 2015) ..............................................................................7

*Harriott v. Wash. Metro. Area Transit Auth.*,
Civil Action No. 19-1656 (TJK), 2019 WL 7066631 (D.D.C. Dec. 23, 2019) .................5, 7, 9

\* *Howard v. Gutierrez*,
474 F. Supp. 2d 41 (D.D.C. 2007) .................................................................... *passim*

*Howard v. Gutierrez*,
503 F. Supp. 2d 392 (D.D.C. 2007) ...........................................................................6

*Inst. for Pol'y Studs. v. U.S. Cent. Intel. Agency*,
246 F.R.D. 380 (D.D.C. 2007) .................................................................................12

*Jarvis v. Parker*,
13 F. Supp. 3d 74 (D.D.C. 2014) .................................................................................9, 10, 11

*King v. U.S. Dep't of Just.*,
292 F. Supp. 3d 182 (D.D.C. 2017) ...................................................................................9, 12

*Little v. Washington Metropolitan Area Transit Authority*,
100 F. Supp. 3d 1 (D.D.C. 2015) .........................................................................................20, 22

\*  *McCarthy v. Kleindienst*,
741 F.2d 1406 (D.C. Cir. 1984) .......................................................................................5, 22, 24

*Miley v. Hard Rock Hotel & Casino Punta Cana*,
537 F. Supp. 3d 1 (D.D.C. 2021) .........................................................................................11

*Nwaneri v. Quinn Emanuel Urquhart & Sullivan, LLP*,
Case No. 19-cv-01540 (TNM), 2020 WL 7773391 (D.D.C. Dec. 30, 2020) ..........................10

*Nyambal v. AlliedBarton Sec. Servs. LLC*,
Civ. Action No. 14-1904 (EGS), 2023 WL 12088082 (D.D.C. Sept. 30, 2023) .....................14

*Palmer v. Shultz*,
815 F.2d 84 (D.C. Cir. 1987) .........................................................................................24

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
507 U.S. 380 (1993) ......................................................................................................9, 20

*Proctor v. Dist. of Columbia*,
Case No. 1:18-cv-00701 (TNM), 2019 WL 11542224 (D.D.C. Dec. 9, 2019) ........................7

*Ramseur v. Barreto*,
216 F.R.D. 180 (D.D.C. 2003)..........................................................................................12

*Sakyi v. Estee Lauder Cos., Inc.*,
298 F. Supp. 3d 16 (D.D.C. 2018) ..........................................................................7, 9, 20, 21

*Smith v. Ergo Sols., LLC*,
306 F.R.D. 57 (D.D.C. 2015)..........................................................................................7, 15, 17

*Staley v. Gruenberg*,
Case No.: 1:12-cv-530, 2013 WL 12096490 (E.D. Va. May 10, 2013) .................................14

*U.S. v. Myers*,
Case No. 18-cr-39 (CRC), 2022 WL 103177 (D.D.C. Jan. 11, 2022)................................3, 19

*Woods v. Dist. of Columbia*,
Civil Action No. 20-0782 (CKK), 2022 WL 17989326 (D.D.C. Dec. 29, 2022)....................10

*Woods v. Dist. of Columbia*,
   Civil Action No. 20-0782 (CKK), 2022 WL 834144 (D.D.C. Mar. 21, 2022) .......................10

**Other Authorities**

Fed. R. Civ. P. 6(a)(1)(C) ...........................................................................................................4

Fed. R. Civ. P. 6(b)(1)...........................................................................................................6, 22

Fed. R. Civ. P. 15(a)(1)(B) .........................................................................................................4

\*    Local Rule 23.1(b) ................................................................................. *passim*

The Court should deny Plaintiffs' untimely request to waive their deadline to move for class certification under the local rules because Plaintiffs have failed to establish excusable neglect and good cause to justify their request.

Plaintiffs filed their class action complaint on February 19, 2026. Under Local Rule 23.1(b), Plaintiffs were obligated to move for class certification or seek an extension from the Court within 90 days, *i.e.*, by May 20, 2026. They did neither. Now, 36 days after their motion for class certification was due under Local Rule 23.1(b), Plaintiffs have moved the Court for what they remarkably characterize as a "brief extension" of time to file their motion—an extension stretching all the way to the "close of discovery" in accordance with a "scheduling order" that has yet to issue. *See* Dkt. 33-1 at 10. Because Plaintiffs missed their deadline, Plaintiffs must demonstrate "excusable neglect" under Fed. R. Civ. P. 6(b)(1) to justify this request, as well as show good cause. However, Plaintiffs have failed to make either showing.

Plaintiffs claim in their motion that "[t]his is not a case of inattention or disregard of the rules," but rather, the reason they missed the deadline is that "Plaintiffs reasonably understood the 90-day period to run from the operative Amended Complaint" that they recently filed after missing their class certification deadline, not their original Complaint. *Id*. at 9. Those statements are demonstrably false in light of Plaintiffs' counsel's representations elsewhere. Indeed, prior to filing their motion, counsel for Plaintiffs admitted to Magistrate Judge Sharbaugh that Plaintiffs "simply . . . neglected the rule." *See* Ex. A at 2, 7. And, in a related case where this issue arose, Plaintiffs' counsel declared under penalty of perjury that "Plaintiffs were aware that the Rule 23.1(b) deadline was triggered when the [original] Complaint was filed." *See* Ex. B at 4, 7 (Edelman Decl. ¶ 7).

Likewise, Plaintiffs also represent in their motion that they are aware of only "one decision in this District that has read the Rule differently, treating the 90-day period as running from the first complaint to assert class allegations. *See Howard v. Gutierrez*, 474 F. Supp. 2d 41, 54 (D.D.C. 2007)." *See* Dkt. 33-1 at 6. This is false. Plaintiffs attempt to paint *Howard* as a "one-off," and suggest there was ample basis for them to reasonably understand the 90-day period to run from the filing of their Amended Complaint. But Plaintiffs themselves actually cite three other decisions in their motion that affirm the ruling in *Howard* and reject Plaintiffs' purported "reading" of Local Rule 23.1(b). Indeed, for nearly 20 years since *Howard*, numerous courts in this District have uniformly ruled that the 90-day period runs from the filing of the first complaint to assert class allegations. On the other hand, Plaintiffs do not cite to a single case in this District that adopts their reverse-engineered interpretation.

Plaintiffs' purported excuse in their motion for missing their deadline is neither reasonable nor credible. Granting Plaintiffs' motion will significantly impact the proceedings and prejudice Defendants by denying them the early resolution of Plaintiffs' putative class claims that Local Rule 23.1(b) requires—and instead subjecting them to what Plaintiffs preview as "intensive discovery" before Plaintiffs have to move for certification. *See id.* at 5. Considering all of these factors, Plaintiffs have failed to demonstrate excusable neglect.

Finally, Plaintiffs attempt to justify their belated request by pointing to the "burden imposed on [all] class proponents" to affirmatively demonstrate their compliance with Fed. R. Civ. P. 23. *See id.* at 2-3. However, this does not constitute good cause under Fed. R. Civ. P.

6(b)(1) to justify Plaintiffs' attempt to avoid their mandatory class certification deadline. Plaintiffs' motion should be denied.[1]

## BACKGROUND

On February 19, 2026, Plaintiffs filed this putative class action. Dkt. 1. On March 16, 2026, the same attorneys who represent Plaintiffs here filed another putative class action in this District against many of the same Defendants: *Nadeau, et al. v. Danaher Corporation, et al.*, Case No. 1:26-cv-00923 (D.D.C.) ("*Nadeau*"). In their complaints, Plaintiffs in both cases included class action allegations under Fed. R. Civ. P. 23. *See, e.g.*, Dkt. 1 at 12-20 (Compl. ¶¶ 67-99); Ex. C at 21-27 (Compl. ¶¶ 107-30).[2]

On May 29, 2026, Defendants in both cases filed motions to dismiss pursuant to Rules 12(b)(6) and 12(b)(2). *See* Dkt. 17 at 13-14; Ex. E at 13. Among other things, Defendants explained that Plaintiffs' class allegations should be dismissed because Plaintiffs had failed to move for class certification by the deadline of May 20, 2026, under Local Rule 23.1(b). *See* Dkt. 17 at 39-41, 50. At a subsequent status conference before the Honorable Matthew J. Sharbaugh regarding both cases, counsel for Plaintiffs conceded that they "simply . . . neglected the rule." *See* Ex. A at 2, 7.

---

[1] Defendants Beckman Coulter, Inc., Integrated DNA Technologies, Inc., Pall Corporation, Cytiva, and Abcam specially appear for purposes of opposing Plaintiffs' motion. As argued in Defendants' motion to dismiss (*see* Dkt. 17 at 9, 17-19), these Defendants maintain that the Court lacks personal jurisdiction over them, and any limited litigation activity of these Defendants to date shall not be construed as a waiver, including this filing.

[2] The plaintiffs in *Nadeau* noted this case in their Notice of Related Case. *See* Ex. D. Defendants respectfully request that the Court take judicial notice of the attached *Nadeau* pleadings, as they are a matter of public record on another docket. *See U.S. v. Myers*, Case No. 18-cr-39 (CRC), 2022 WL 103177, at *4 n.3 (D.D.C. Jan. 11, 2022).

Plaintiffs in both cases then proceeded to file Amended Complaints on June 12, 2026, more than one week before they were due (*i.e.*, June 22, 2026).  Dkt. 28; Ex. F.[3]

On June 15, 2026, the same day that their motion for class certification was due under Local Rule 23.1(b), the plaintiffs in *Nadeau* moved the court for an order to extend their time to file their motion.  Ex. G.  Among other things, the plaintiffs argued that in light of the Amended Complaint they had filed just three days before, "it is neither practicable nor sensible to require Plaintiffs to brief class certification now."  *See* Ex. H at 3.  In their opposition, Defendants in *Nadeau* pointed out that the timing of the plaintiffs' Amended Complaint was suspect and suggested that the Amended Complaint was timed to bolster the plaintiffs' unavailing argument that an amended complaint establishes good cause to waive the deadline under the local rules.  *See* Ex. I at 8.  On reply, the plaintiffs abandoned this argument and submitted a declaration from their counsel (the same attorney who represents Plaintiffs here) stating among other things that "Plaintiffs did not file the Amended Complaint to reset the class certification deadline; <u>Plaintiffs were aware that the Rule 23.1(b) deadline was triggered when the Complaint was filed</u>."  *See generally* Ex. J; *see also* Ex. B at 4 (Edelman Decl. ¶ 7) (emphasis added).

On June 25, 2026, Plaintiffs filed the instant extension motion in this case.

### ARGUMENT

Local Rule 23.1(b) has an unequivocal deadline for filing for class certification:

---

[3] Since Defendants filed a motion to dismiss under Rules 12(b)(6) and 12(b)(2) on May 29, 2026, Plaintiffs had 21 days to file their Amended Complaint as a matter of course, *i.e.*, until Friday, June 19, 2026.  *See* Dkt. 17 at 13-14; Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than[,] . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b).").  Because June 19, 2026, fell on a legal holiday, Juneteenth, the filing deadline was extended under the Federal Rules until Monday, June 22, 2026.  *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

4

> Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the Court in the exercise of its discretion has extended this period, the plaintiff shall move for a certification under Fed. R. Civ. P. 23(c)(1), that the case may be so maintained.  In ruling upon the motion, the Court may allow the action to be so maintained, may deny the motion, or may order that a ruling be postponed pending discovery or other appropriate preliminary proceedings.

> "Local Rule 23.1(b) and its predecessors have been strictly applied in this Circuit."

*Harriott v. Wash. Metro. Area Transit Auth.*, Civil Action No. 19-1656 (TJK), 2019 WL 7066631, at *1 (D.D.C. Dec. 23, 2019).  The D.C. Circuit Court has explained that "strict enforcement" of this early filing requirement is justified because the local rule "implements the policy of Rule 23(c)(1) of the Federal Rules of Civil Procedure, which states that the status of class actions should be determined quickly."  *See Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981) (affirming district court's refusal to grant extension of time to move for class certification under local rules), *vacated*, *Smith v. Black Panther Party*, 458 U.S. 1118, 1118 (1982) ("The judgment is vacated and the case is remanded to the United States Court of Appeals for the District of Columbia Circuit with directions that it instruct the United States District Court for the District of Columbia to dismiss the complaint with prejudice.").  The D.C. Circuit has also explained that the local rule is consistent with the Federal Rules because both

> rest upon at least two fundamental policies.  The first is that defendants are entitled to ascertain at the earliest practicable moment whether they will be facing a limited number of known, identifiable plaintiffs or whether they will instead be facing a much larger mass of generally unknown plaintiffs.  Fundamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages. . . .  Second, these rules foster the interests of judicial efficiency, as well as the interests of the parties, by encouraging courts to proceed to the merits of a controversy as soon as practicable.

*See McCarthy v. Kleindienst*, 741 F.2d 1406, 1411-12 (D.C. Cir. 1984).

5

The 90-day deadline under Local Rule 23.1(b) runs from the filing of the first complaint that asserts class claims. *See, e.g., Howard v. Gutierrez*, 503 F. Supp. 2d 392, 394 (D.D.C. 2007) ("[T]he Court now reaffirms that the ninety-day period in Local Rule 23.1(b) applies from the date of the filing of the first complaint to assert class claims."). Here, Plaintiffs filed this case on February 19, 2026. Dkt. 1. In their Complaint, Plaintiffs purported to state class claims. *See id.* at 12-20 (Compl. ¶¶ 67-99). Therefore, Plaintiffs were required to file a motion for class certification by May 20, 2026, per the rules. *See* LCvR 23.1(b). But they did not. Instead, Plaintiffs waited more than a month after their deadline expired to move to extend their deadline to the close of discovery, which the Court has not yet set and is likely to be months, if not years, from the current deadline.

## I.    THE EXCUSABLE NEGLECT STANDARD APPLIES BECAUSE PLAINTIFFS MISSED THEIR DEADLINE.

Plaintiffs argue that the filing of an amended complaint automatically restores the 90-day time period for certification. *See* Dkt. 33-1 at 5. Plaintiffs further argue that they filed an Amended Complaint on June 12, 2026, and that based upon that filing, the 90-day period has not yet run, such that their request for extension filed on June 25, 2026, was somehow timely. *See id*. at 2, 5. Fed. R. Civ. P. 6(b)(1) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires" or "on motion made after the time has expired if the party failed to act because of excusable neglect." According to Plaintiffs, because they filed their motion for extension before the time to file their motion for class certification under the local rules expired, they "need only demonstrate good cause to enlarge the time to move for class certification," not excusable neglect. *See* Dkt. 33-1 at 2-3. This argument is simply wrong.

As courts in this District have ruled repeatedly, the 90-day deadline under Local Rule 23.1(b) runs from the filing of the first complaint that asserts class claims. *See, e.g., Harriott*, 2019 WL 7066631, at *1 ("Local Rule of Civil Procedure 23.1(b) requires a plaintiff to move for certification under Fed. R. Civ. P. 23(c)(1) within 90 days of filing the first complaint bringing a class-wide claim."); *Proctor v. Dist. of Columbia*, Case No. 1:18-cv-00701 (TNM), 2019 WL 11542224, at *1 (D.D.C. Dec. 9, 2019) ("The 90 days begin to run from the first complaint that states class allegations."); *Sakyi v. Estee Lauder Cos., Inc.*, 298 F. Supp. 3d 16, 18 (D.D.C. 2018) (quoting *Howard*, 474 F. Supp. 2d at 54) ("Moreover, as this Court has held, 'the most natural reading' of Local Rule 23.1(b) is that the rule 'requires the filing of a certification motion within ninety days of the first complaint that states class allegations.'"); *Gregorio v. Gordon*, 215 F. Supp. 3d 1, 8 (D.D.C. 2015) ("The ninety-day deadline is measured from the filing of the first complaint alleging a class action—not from the subsequent filing of an amended complaint."); *Smith v. Ergo Sols., LLC*, 306 F.R.D. 57, 66 (D.D.C. 2015) ("As this Court has held, the ninety-day deadline is measured from the filing of the first complaint alleging a class action—not from the subsequent filing of an amended complaint."); *Gerlich v. U.S. Dep't of Just.*, Civil Action No. 08-1134 (JDB), 2010 WL 11595271, at *1 n.2 (D.D.C. Apr. 19, 2010) ("Although plaintiffs filed two amended complaints in the period before they moved for certification, Local Civil Rule 23.1(b) 'requires the filing of a certification motion within ninety days of the first complaint that states class allegations.' *Howard*, 474 F. Supp. 2d at 54. Hence, plaintiffs' amended complaints did not change the deadline for filing their motion for class certification."); *Cryer v. InterSolutions, Inc.*, Civil Action No. 06-2032 (EGS), 2007 WL 1191928, at *5 (D.D.C. Apr. 20, 2007) ("This Court accepts the Court's conclusion in *Howard* that the ninety-day limitations period begins to run from the filing of the original complaint and not any later amended

7

complaint."); *Howard*, 474 F. Supp. 2d at 55 ("The purpose of Local Rule 23.1(b) is thus best served by calculating the ninety-day period from the filing of the initial class complaint."). Therefore, even though Plaintiffs amended their Complaint, they are not entitled to a "do over" on the rule and an automatic additional 90 days to file for class certification. Local Rule 23.1(b) simply does not function in that way, and courts in this District do not allow it.

Plaintiffs press on that "the certification clock runs from the operative Amended Complaint" because "[t]he Local Rule directs a Plaintiff to move for certification '[w]ithin 90 days after the filing of a complaint,'" and the word "a" refers to "any member of a category, not one specific complaint," such that the rule "reaches any complaint in the case that states class allegations, including a superseding, amended complaint." Dkt. 33-1 at 5-6 (quoting LCvR 23.1(b)). In *Howard*, the plaintiffs similarly argued that the local rule refers to the filing of "a complaint" instead of, for instance, "the initial complaint," and therefore, applies to any complaint filed in the action. *See* 474 F. Supp. 2d at 54. The plaintiffs contended that they complied with the local rule because they moved for an extension within 90 days of filing their amended complaint. *See id*. The court rejected the plaintiffs' argument because Local Rule 23.1(b) uses the phrase "a complaint" in the context of requiring a motion "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action." *See id*. The court concluded that the most natural reading of the rule requires the filing of a certification motion within 90 days of the first complaint that states class allegations. *Id*.

Plaintiffs "recognize" *Howard* as "one decision in this District [that] has read the Rule differently" than they do. *See* Dkt. 33-1 at 6. Plaintiffs, of course, certainly appreciate that *Howard* is not the only decision they must overcome. As cited above, numerous decisions in this District have rejected Plaintiffs' reading of the rule, including three cases that Plaintiffs cite in

their motion, and another case that Defendants brought to Plaintiffs' attention in their motion to dismiss. *See, e.g., id*. at 8-9 (citing *Smith*, *Sakyi*, and *Cryer*); Dkt. 17 at 40 (citing *Harriott*). Moreover, Plaintiffs do not point to any case in this District that embraces their interpretation of Local Rule 23.1(b).[4]

Plaintiffs' request for extension is untimely. Plaintiffs' motion "must, accordingly, be assessed under the less generous 'excusable neglect' standard," rather than only under the "good cause" standard. *See King v. U.S. Dep't of Just.*, 292 F. Supp. 3d 182, 186-87 (D.D.C. 2017) (Moss, J.) (quoting Fed. R. Civ. P. 6(b)(1)(B)) (ruling that plaintiff "failed to carry his burden of showing excusable neglect").

## II.    PLAINTIFFS HAVE NOT ESTABLISHED EXCUSABLE NEGLECT.

Courts consider "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" in determining whether there was excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

As Plaintiffs are aware, inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect. *See* Dkt. 33-1 at 7; *Jarvis v. Parker*, 13 F. Supp. 3d 74, 76, 78-79 (D.D.C. 2014) (noting this "well-established rule" and ruling that "Plaintiffs' counsel's late filing does not constitute excusable neglect" when "his failure to file

---

[4] Plaintiffs attempt to distinguish *Howard* on the grounds that "[t]he fundamental concern in [*Howard*] was that a plaintiff might evade the 90-day deadline by amending as of right." *See* Dkt. 33-1 at 6. As in *Howard*, however, "[i]n fact, that is exactly what happened here— [P]laintiffs amended their complaint, as a matter of right, . . . after the ninety-day deadline expired." *See* 474 F. Supp. 2d at 54. The timing of Plaintiffs' Amended Complaint is suspect, and suggests that it was filed strategically to aid Plaintiffs' forthcoming request for an extension of time to file their motion for class certification.

9

Plaintiffs' oppositions on time was due to mistake or ignorance of the rules of this Court," even

though there was no prejudice to defendants or bad faith and length of delay was short and did

not significantly impact judicial proceedings); *see also Woods v. Dist. of Columbia*, Civil Action

No. 20-0782 (CKK), 2022 WL 17989326, at *1, *3 (D.D.C. Dec. 29, 2022) (denying motion for

reconsideration of prior ruling that "sheer inattention to a deadline" did not qualify as excusable

neglect and noting that "[t]he degree of counsel's inattentiveness is particularly severe" given

professional obligation to be knowledgeable about procedural rules).  Moreover, "[i]t is easy to

see why this is so.  If a simple mistake made by counsel were to excuse an untimely filing," then

it would be "hard to fathom the kind of neglect that [the court] would not deem excusable."

*Jarvis*, 13 F. Supp. 3d at 79-80 ("To excuse such failure to consult the Local Rules without

consequence would open the door for any basic procedural error to qualify as excusable

neglect.").

Further, as numerous courts in this District have recognized, "[t]he moving party's fault

is the most important single factor."  *Andresen v. Intepros Fed., Inc.*, Civil Action No. 15-446

(EGS), 2024 WL 4164660, at *26-27 (D.D.C. Sept. 12, 2024) (denying plaintiff's motion for

extension of time upon concluding that her "excuse of misreading the Local Civil Rules as to the

deadline for filing her reply does not amount to 'good cause' or 'excusable neglect' but rather

'fault' on her part for the delay" even though "three-day delay was not long enough to

substantially delay proceedings or prejudice" defendant "and there is no reason to believe that

she acted in bad faith"); *Woods v. Dist. of Columbia*, Civil Action No. 20-0782 (CKK), 2022 WL

834144, at *2-3 (D.D.C. Mar. 21, 2022) (ruling plaintiff did not satisfy his excusable neglect

burden because of "inattention to the Court's order and to the Federal Rules"); *see also, e.g.*,

*Nwaneri v. Quinn Emanuel Urquhart & Sullivan, LLP*, Case No. 19-cv-01540 (TNM), 2020 WL

10

7773391, at *4-5 (D.D.C. Dec. 30, 2020); *Brown v. JP Morgan Chase*, Civil Action No. 14-2031

(ABJ), 2019 WL 3854765, at *4 (D.D.C. May 10, 2019); *Escamilla v. Nuyen*, Civil Action No.

14-00852 (RMM), 2017 WL 4296718, at *5-6 (D.D.C. Sept. 26, 2017).

Here, Plaintiffs have not established excusable neglect.

### A.    The Purported Reason For Plaintiffs' Delay Is Not Reasonable.

In their motion, Plaintiffs claim that the reason they missed their deadline was they

> reasonably understood the 90-day period to run from the operative Amended
> Complaint rather than the original Complaint, a position that . . . finds firm
> support in the Rule's text and structure.  Courts have recognized that precisely
> such a reading is not unreasonable.  *See Cryer*, 2007 WL 1191928, at *6.  A
> good-faith interpretation of an ambiguous procedural deadline is the paradigmatic
> basis for excusable neglect[.] . . .  This is not a case of inattention or disregard of
> the rules.

Dkt. 33-1 at 9.

This explanation does not withstand scrutiny.  Plaintiffs' counsel previously admitted to

the Court that this most definitely <u>is</u> a case of inattention and disregard for the rules.  *See* Ex. A

at 7 (Plaintiffs' counsel conceding that they "simply . . . neglected the rule"); *see also* Ex. J at 10

(*Nadeau* plaintiffs asserting that their counsel was referencing this case by that statement).

Further, Plaintiffs' counsel just recently submitted a declaration in *Nadeau* admitting that he and

his clients in that case "were aware that the Rule 23.1(b) deadline was triggered when the

[original] Complaint was filed."  *See* Ex. B at 4 (Edelman Decl. ¶ 7).  Naturally, Plaintiffs'

counsel would have been aware of this obligation in this case as well.  As such, it is apparent

from these representations that Plaintiffs simply did not diligently pursue an extension.  Such

conduct does not constitute excusable neglect in this District.  *See Jarvis*, 13 F. Supp. 3d at 79

(ruling that "ignorance of the rules of this Court" did "not constitute excusable neglect"); *see*

*also Miley v. Hard Rock Hotel & Casino Punta Cana*, 537 F. Supp. 3d 1, 5 (D.D.C. 2021) (ruling

"that Plaintiff's excuse of misreading the due date for her opposition does not amount to

11

excusable neglect" even though "Plaintiff's delay was not long enough to significantly delay proceedings and there is no reason to believe she acted in bad faith"); *King*, 292 F. Supp. 3d at 187 ("Fault lies exclusively with [the plaintiff], and the sole excuse that he offers . . . does not withstand scrutiny."); *Inst. for Pol'y Studs. v. U.S. Cent. Intel. Agency*, 246 F.R.D. 380, 383, 385 (D.D.C. 2007) (ruling that defendant's failure to timely file was not result of excusable neglect when delay was "result of an 'inadvertent[ ] mis-calendaring of the due date'" even though court found plaintiff would not be prejudiced, length of delay would not have impact on judicial proceedings, and there was no reason to believe defendant acted in bad faith); *Ramseur v. Barreto*, 216 F.R.D. 180, 182-83 (D.D.C. 2003) (ruling that defendant failed to make requisite showing of excusable neglect and that "[w]ere the court to find that counsel's act of 'inadvertently overlook[ing]' a filing deadline is 'excusable neglect,' then the standard would be rendered meaningless").

Even if the reason had actually been that Plaintiffs believed that their Amended Complaint added another 90 days to their deadline, that would not have been reasonable.  As the court in *Howard* explained, Plaintiffs' interpretation of the local rule does not find "firm support in the Rule's text and structure."  *See* Dkt. 33-1 at 9; *Howard*, 474 F. Supp. 2d at 54.  Plaintiffs rely on *Cryer*, but the court in that case noted that "[t]he *Howard* decision was issued just three weeks before the end of the expiration period and was the first decision by this Court clearly explaining the rationale for the ninety-day period running from the filing of the original complaint."  *See* Dkt. 33-1 at 9; *Cryer*, 2007 WL 1191928, at *6.  And, in *Cryer*, the court "accept[ed] the Court's conclusion in *Howard* that the ninety-day limitations period begins to run from the filing of the original complaint and not any later amended complaint."  2007 WL 1191928, at *5.  Plaintiffs' purported reading of Local Rule 23.1(b) has been expressly

proscribed in this District ever since then.  *See supra* at 12-13.  In addition, Plaintiffs do not cite any rulings in this District to the contrary.  Finally, it bears repeating that Plaintiffs' counsel have now admitted that they knew better.  *See* Ex. B at 4 (Edelman Decl. ¶ 7).  Plaintiffs' failure to acknowledge the current state of the law in this District—and any delay that resulted from their failure—is not reasonable.

> **B.      Plaintiffs' Motion Is Not Based On A Good Faith Misinterpretation.**

Plaintiffs argue that they acted in good faith because "[u]pon being alerted to the deadline question, Plaintiffs promptly moved to extend the time to file for class certification and candidly presented the issue to the Court rather than allowing it to pass unaddressed."  *See* Dkt. 33-1 at 10.

However, when Plaintiffs' counsel first presented the issue to the Court, he admitted that Plaintiffs "simply . . . neglected the rule," not that Plaintiffs interpreted the rule as affording them 90 days from their Amended Complaint rather than their initial Complaint.  *See* Ex. A at 7. Plaintiffs' counsel also conceded that, as a matter of fact, he did not interpret the rule that way. *See* Ex. B at 4 (Edelman Decl. ¶ 7).  Yet in their motion, Plaintiffs argue nevertheless that their "delay was reasonable . . . because Plaintiffs reasonably understood the 90-day period to run from the operative Amended Complaint rather than the original Complaint," without any acknowledgement that they have already conceded they "simply . . . neglected the rule."  *See* Dkt. 33-1 at 9; Ex. A at 7.  That is not a candid presentation of the issue.

Plaintiffs even contradict themselves in their motion.  In particular, Plaintiffs concede in their motion that they were "alerted to the deadline"—*i.e.*, by Defendants' motion to dismiss. *See* Dkt. 33-1 at 10.  This is different than their suggestion earlier in their motion that they were aware of the deadline but did not feel the need to move for an extension within 90 days of filing their initial Complaint because they "understood the 90-day period to run from the operative

Amended Complaint rather than the original Complaint." *See id.* at 9.  Plaintiffs cannot spin the narrative in two mutually exclusive ways.

Ultimately, Plaintiffs' contradictions do not establish good faith.  *See Nyambal v. AlliedBarton Sec. Servs. LLC*, Civ. Action No. 14-1904 (EGS), 2023 WL 12088082, at *3 (D.D.C. Sept. 30, 2023) (ruling that "excuses" for late filing being "flatly contradicted by the docket . . . demonstrate[s] a lack of good faith"); *see also Dist. of Columbia for Use & Benefit of Z-Modular, LLC v. MCN Build, Inc.*, Civil Case No. 18-cv-02947 (RJL), 2021 WL 4318241, at *4 (D.D.C. Sept. 23, 2021) (ruling that "different assertions . . . coupled with [ ] previous misrepresentations . . . are indicative of bad faith" and that neglect was not excusable); *Staley v. Gruenberg*, Case No.: 1:12-cv-530 (GBL/JFA), 2013 WL 12096490, at *1, *4, *6 (E.D. Va. May 10, 2013) (ruling that plaintiff's counsel failed to sufficiently demonstrate that circumstances causing delay amounted to excusable neglect, that he "intentionally misrepresented to the Court his reasons for filing an untimely brief," and "[g]ood faith has not been demonstrated here because [he] was not candid with the Court in his filings").

Also contrary to what they claim in their motion, Plaintiffs did not "promptly move[] to extend the time to file for class certification" once they were "alerted to the deadline" by way of Defendants' motion to dismiss.  *See* Dkt. 33-1 at 10.  Defendants filed their motion to dismiss on May 29, 2026.  Dkt. 17.  Plaintiffs did not file their motion to extend their deadline to move for class certification until June 25, 2026—nearly a month later.  Dkt. 33.  Instead of moving for an extension immediately upon learning of the deadline, Plaintiffs filed an Amended Complaint on June 12, 2026, even though Plaintiffs were not required to amend until June 22, 2026.  Dkt. 28. This timing is suspect, and suggests the amendments in this case and *Nadeau* were timed to bolster Plaintiffs' unavailing arguments in support of their requests for extensions.  *See also*

14

*supra* at 9.  Indeed, Plaintiffs cannot explain why they took time away from filing a motion for an extension to prepare their Amended Complaint for filing 10 days early instead.  The Court should not accept this invitation to circumvent the rules.  *See Howard*, 474 F. Supp. 2d at 57 ("[T]his Court wonders why a party acting diligently and in good faith would wait three additional months after being alerted to a missed deadline before attempting to mitigate the error.").

Plaintiffs cite *Smith* and *Cryer*, but those cases do not support a finding of good faith. *See* Dkt. 33-1 at 10.  Instead, the *Smith* court discussed how those plaintiffs "acted diligently to file the appropriate motion once they realized their error" by moving for class certification within one week of receiving the defendants' motion to dismiss.  *See* 306 F.R.D. at 66.  Likewise, in *Cryer*, the court found good faith because "[a]s soon as plaintiffs learned of the decision in *Howard*, plaintiffs acted promptly to file their motion for extension of time to file for class certification on their state law claim."  *See* 2007 WL 1191928, at *6.  Plaintiffs did not promptly file a motion for class certification upon learning of their missed deadline, instead waiting for almost a month before moving for this extension so that they could file their Amended Complaint first.

Further, the *Smith* court found that "[i]n the absence of any allegation of bad faith on the part of plaintiffs, the Court finds that the equities counsel against denying class certification on the basis of a relatively short delay alone—plaintiffs' neglect then, is excusable."  *See* 306 F.R.D. at 66.  That is not the case here.  Rather, despite their counsel's prior representations that they "simply . . . neglected the rule," it appears that Plaintiffs subsequently identified *Cryer* and constructed an alternate explanation for this motion based on the court's finding in *Cryer* that it was "not unreasonable to think that the ninety-day period began to run from the filing of the[]

15

Amended Complaint," even though their counsel was "aware that the Rule 23.1(b) deadline was triggered when the [original] Complaint was filed." *See* Ex. A at 7; Ex. B at 4 (Edelman Decl. ¶ 7); *Cryer*, 2007 WL 1191928, at *6. That is not good faith.

### C. Defendants Will Suffer Prejudice If Plaintiffs' Requested Extension Of Time To Move For Certification Is Granted.

Plaintiffs argue that "Defendants will suffer no prejudice from the class certification being extended" as Plaintiffs request. *See* Dkt. 33-1 at 8. Defendants disagree. Plaintiffs ask the Court to defer class certification all the way to the end of discovery. It goes without saying that defending a putative class action is fiscally draining as it requires enormous time and resources and disrupts business operations. Here in particular, Plaintiffs envision, for instance, "intensive discovery" and the production of "voluminous electronic records." *See id.* at 5, 8. Thus, if Plaintiffs' motion is granted, and class certification is decided after all of that discovery rather than early on as Local Rule 23.1(b) requires, there is simply no question that Defendants will be prejudiced. Plaintiffs' strategy to allege a class first, hoping it will be shown to be viable later, is not a proper basis for sweeping, class-wide litigation based only on a hunch.[5]

Plaintiffs argue that "Defendants have been on notice of Plaintiffs' intent to pursue class treatment since the original Complaint, so the extension deprives them of nothing they ever had."

---

[5] To the extent Plaintiffs argue on reply that they are not seeking an extension through the close of all discovery, as they did in *Nadeau* where they also seek to circumvent Local Rule 23.1(b), this would directly contradict the unambiguous requests for relief in their motion. *See* Ex. I at 3; *see, e.g.*, Dkt. 33 at 2 ("Plaintiffs move the Court for an order extending the deadline for filing their motion for class certification from the deadline set by Local Rule 23.1(b) to the end of discovery."); Dkt. 33-1 at 2 ("Plaintiffs respectfully move this Court . . . to extend the deadline for filing their motion for class certification to close of discovery as set by the scheduling order. . . . Thus, the Court should extend the deadline for Plaintiffs to file their motion for class certification until the close of discovery."), 10 ("Plaintiffs respectfully request that the Court extend the deadline for filing their motion for class certification to the close of discovery."). In any event, Defendants will still suffer prejudice, as Plaintiffs have made clear that they will pursue "intensive discovery" regardless of the length of their extension. *See* Dkt. 33-1 at 5, 8.

*Id*. at 7.  That is a red herring.  In *Howard*, the plaintiffs similarly argued that the defendant

would not be prejudiced by their delay in filing for class certification because the defendant had

notice of their class claims since the initial complaint.  *See* 474 F. Supp. 2d at 55-56.  The court

expressly rejected this argument, ruling that although the defendants "had notice of *putative* class

claims," a late-filed motion for class certification would cause prejudice because

> Local Rule 23.1 is designed to enable defendants "to ascertain at the earliest
> practicable moment whether they *will* be facing a limited number of known,
> identifiable plaintiffs or whether they will instead be facing a much larger mass of
> generally unknown plaintiffs." *McCarthy*, 741 F.2d at 1411-12 (emphasis added);
> *see also id*. at 1412 ("Fundamental fairness, as well as the orderly administration
> of justice requires that defendants haled into court not remain indefinitely
> uncertain as to the bedrock litigation fact of the number of individuals or parties
> to whom they may ultimately be held liable for money damages.").

*See id*. at 56.  Here, Plaintiffs would thwart the local rule's underlying policies and prejudice

Defendants by dragging Defendants all the way through discovery first.  *See Gerlich*, 2010 WL

11595271, at *2 (rejecting plaintiffs' assertion that defendant would not be prejudiced because

plaintiffs "made clear at the outset of this litigation that they sought a class action" and ruling

that "[t]o find excusable neglect solely on the basis of such a generalized assertion of a lack of

prejudice could effectively gut the [local] rule.").[6]

The *Howard* court also found prejudice in the fact that "Plaintiffs' failure to move for

certification has also prolonged the uncertainty as to the scope of the class they would actually

move this Court to certify."  *See* 474 F. Supp. 2d at 56.  The court noted that the "plaintiffs

---

[6] Similarly, Plaintiffs are simply wrong to assert that "concerns . . . about . . . the burdens of
class-action discovery . . . would exist regardless of when certification is briefed."  *See* Dkt. 33-1
at 7-8.  If class certification were briefed when Local Rule 23.1(b) requires, those concerns may
not exist, whereas they certainly will if class certification is briefed when Plaintiffs request.
Further, while Plaintiffs cite *Smith* in arguing that Defendants are not prejudiced, *Smith* is once
again distinguishable.  *See id*. at 8.  In *Smith*, the plaintiffs filed a motion for class certification
that the court assessed in its decision, as opposed to seeking an extension to move for class
certification until the end of discovery, as Plaintiffs request here.  *See* 306 F.R.D. at 66.

significantly changed the class definition in their class action allegations between the initial complaint and the first amended complaint," as well as that their "motion for an extension of time to move for class certification requested 'that they be allowed to move for class certification two (2) months *after* class certification discovery in this matter concludes,'" which "highlight[ed] the possibility that any certification motion might seek to define yet a third, substantially different class." *Id.* at 56 n.9. Likewise here, after Defendants moved to dismiss, *inter alia*, Plaintiffs' class allegations, Plaintiffs significantly changed their proposed class definitions. *See, e.g.,*

| Dkt. 1 at 12 (Compl. ¶ 67) | Dkt. 28 at 30 (Am. Compl. ¶ 159) |
| --- | --- |
| "all applicants, ages 40 and older, who applied for a Covered Position with Danaher or Integrated DNA Technologies, Inc. in Florida during the applicable statute of limitations, and were not hired, through the resolution of this action" | "all applicants, ages 40 and older, who are ready and willing to apply for Covered Positions in Florida with Integrated DNA Technologies, Inc. through Defendants' common Workday/Talent Acquisition recruiting workflow and who would be subjected to Defendants' challenged pre-interview screening process before any first interview or individualized hiring-manager review" |

There is no doubt that Plaintiffs will morph their proposed classes as much and as many times as they can and deem necessary right up to the point that they file their motion for class certification. On the other hand, if Plaintiffs had addressed the class certification issues at the earliest stage of the case by filing a motion for class certification when Local Rule 23.1(b) requires, Plaintiffs would have been forced to clarify the basis for their claims, something that they still have not done. Such clarity may have obviated the need for multiple rounds of dispositive motions to address the obvious deficiencies in the pleadings.

18

Plaintiffs also point to Defendants' belief that the parties should meet and confer as to the scope and protocol for electronically-stored information ("ESI") in a related case, *Critelli, et al. v. Danaher Corporation, et al.*, Case No. 6:25-cv-01780-AGM-LHP (M.D. Fla.) ("*Critelli*"), contending that belief is a "tacit admission" that "claims of this nature cannot be litigated, much less certified, without a meaningful opportunity for the parties to confer about and exchange voluminous electronic records" and that "an extended, ESI-intensive discovery schedule" that Plaintiffs apparently intend to pursue will not cause prejudice to Defendants. *See* Dkt. 33-1 at 8.[7] But Plaintiffs mischaracterize Defendants' position that the parties should meaningfully confer as to discovery—assuming the parties are actually in discovery. Indeed, far from admitting that Plaintiffs' class claims cannot be resolved short of "intensive discovery," Defendants in *Critelli* argued that the issues are plain enough from the pleadings to address the matter of class certification early. *See id.*; Ex. K at 17-18.[8] Accordingly, Defendants in *Critelli* also filed a motion to stay discovery pending resolution of these and other pleading issues. *See* Ex. L. And if the district where *Critelli* is pending had a local rule like Local Rule 23.1(b), Defendants certainly would have held the *Critelli* plaintiffs to it. Consistent with their position in *Critelli*, Defendants confirm here that they will be unduly burdened by having to participate in class discovery at all when it is clear at the outset that Plaintiffs' class claims lack merit—and all the more prejudiced if that issue is not resolved until the very end of what Plaintiffs apparently

---

[7] Notably, Plaintiffs' argument contradicts any suggestion they may make on reply that their request all along was actually for a "limited extension."

[8] Defendants respectfully request that the Court take judicial notice of the attached *Critelli* pleadings, as they are a matter of public record on another court's docket. *See U.S.*, 2022 WL 103177, at *4 n.3.

foresee as an "intensive discovery schedule." *See* Dkt. 33-1 at 8. In sum, Defendants' "conduct" in *Critelli* in no way supports Plaintiffs' motion here.[9]

### D.    Granting Plaintiffs' Motion Will Significantly Impact The Proceedings.

As to the "the length of the delay and its potential impact on judicial proceedings," Plaintiffs filed their motion for an extension more than a month late. *See id.* That is not an insignificant delay. For instance, the D.C. Circuit has affirmed a district court's denial of a motion for an extension of time to move for class certification that was filed merely 11 days late. *See Black Panther Party*, 661 F.2d at 1279. Further, Plaintiffs appear to have deliberately prolonged their delay for strategic reasons, specifically by preparing and filing their Amended Complaint first to justify an extension.

Plaintiffs argue that there is "no impact on judicial proceedings," citing *Sakyi*, *Cryer*, and *Little v. Washington Metropolitan Area Transit Authority*, 100 F. Supp. 3d 1 (D.D.C. 2015). *See* Dkt. 33-1 at 8-9. However, these cases are inapposite. In *Sakyi*, the parties already had agreed to a case schedule pursuant to which discovery was scheduled to close approximately six months after the plaintiff filed his motion for an extension and the court granted the motion, and the court set the plaintiff's new deadline to file a motion for class certification based on that case schedule, with the prior scheduling order to remain in effect. *See* 298 F. Supp. 3d at 17, 20. Here, granting Plaintiffs' motion will drive and protract the case schedule since Plaintiffs are

---

[9] Plaintiffs also argue that "Defendants are not prejudiced" because they "are in exactly the same position they would occupy had Plaintiffs sought an extension before the deadline expired." *See id.* at 7. However, courts are to consider the "*danger of* prejudice" in determining whether there is excusable neglect, *i.e.*, including prospectively. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395 (emphasis added). If the Court grants Plaintiffs' motion for an indefinite extension of time to the end of discovery to file for class certification based on Plaintiffs' assertions of excusable neglect, of course Defendants will suffer prejudice.

asking the Court to extend their deadline to the end of discovery and claim to need so much discovery to support their motion for class certification.[10]

Plaintiffs also cite *Cryer* for the proposition that "[c]ourts in this District have likewise treated comparable delays as immaterial where a motion to dismiss was pending and the litigation was still in its infancy." Dkt. 33-1 at 9. In *Cryer*, the court noted that the delay "had little, if any, impact on further proceedings in this Court as a result of the pending motion to dismiss and the early stage of the litigation overall." 2007 WL 1191928, at *6. The defendant's motion to dismiss "rest[ed], in large part, on the alleged conflict between the opt-in procedures for FLSA collective actions and opt-out procedures for Rule 23 class actions." *See id*. at *3. Here, Defendants intend to move to dismiss Plaintiffs' Amended Complaint because, *inter alia*, it fails to plead facts showing how Plaintiffs' allegations can plausibly satisfy Fed. R. Civ. P. 23. Likewise, Local Rule 23.1(b) requires Plaintiffs to "move for a certification under Fed. R. Civ. P. 23" for the Court to determine "that the case may be so maintained." There would be no need for the Court to determine Defendants' motion to dismiss before it would have to determine Plaintiffs' motion for class certification. These two determinations go hand-in-hand as the rules affirm, and should be made together in this case.

Finally, Plaintiffs argue that "the parties here recognize that some discovery is warranted before a certification motion should be filed," citing *Little*. *See* Dkt. 33-1 at 9. In *Little*, the

---

[10] *Sakyi* is distinguishable for other reasons. While reaffirming that "the most natural reading" of Local Rule 23.1(b) is that it requires the filing of a motion for class certification within 90 days of the first complaint that states class allegations, not from the subsequent filing of an amended complaint, the question of whether the deadline runs from the filing of the original complaint in state court or removal to federal court remained open in *Sakyi*. *See id*. at 18-19. Assuming that it ran from the date of removal, the plaintiff attempted to obtain the defendants' consent to the extension before the deadline expired, and the court found that the plaintiff acted in good faith and the defendants suffered no prejudice in light of her attempt, such that the plaintiff's neglect was excusable. *See id*. at 19-20.

21

defendant conceded that "pre-certification discovery will be necessary prior to any class

certification motion." *See* 100 F. Supp. 3d at 5-6 ("And although the parties disagree on its exact

scope, they concur that some discovery is warranted before a class certification motion should be

filed."). Thus, the court found that plaintiffs' counsel "could reasonably have believed that a

motion for class certification would not be due until the Court had ruled on the scope of

discovery and entered a scheduling order, and thus were acting in good faith." *See id*. at 8. That

is not the case here. Defendants maintain that Local Rule 23.1(b) should be strictly enforced in

furtherance of its policy and the policy of the Federal Rules "that the status of class actions

should be determined quickly." *See Black Panther Party*, 661 F.2d at 1279; *see also McCarthy*,

741 F.2d at 1412 (holding that "these rules foster the interests of judicial efficiency . . . by

encouraging courts to proceed to the merits of a controversy as soon as practicable"].

Defendants further maintain that the issues are plain enough from the pleadings to determine that

this case is not appropriate for class relief and that no amount of discovery will change that.[11]

## III.   PLAINTIFFS HAVE NOT ESTABLISHED GOOD CAUSE.

Fed. R. Civ. P. 6(b)(1) provides that "[w]hen an act may or must be done within a

specified time, the court may, for good cause, extend the time . . . on motion made after the time

has expired if the party failed to act because of excusable neglect." Put differently, while

Plaintiffs must satisfy the excusable neglect standard because their motion was untimely, they

still must satisfy the good cause standard, as well. However, Plaintiffs have not shown that good

cause exists for an extension.

Plaintiffs assert in conclusory fashion that there is "good cause to enlarge the time to

move for class certification" because a plaintiff "seeking class certification must affirmatively

---

[11] If the Court orders the parties to proceed with discovery nevertheless, then of course
Defendants will abide by the Court's order, but that does not contradict Defendants' position.

demonstrate his compliance with [Fed. R. Civ. P. 23]." *See* Dkt. 33-1 at 3. Plaintiffs do not cite any authority standing for the proposition that this universal class certification requirement automatically establishes good cause to extend the deadline under Local Rule 23.1(b). Indeed, if that were the case, it would render the local rule meaningless—**every** putative class action presents this exact same issue, such that **every** putative class action would present good cause for an extension as a result.[12]

Here, Plaintiffs simply provide a list of garden-variety discovery that they will need for class certification—"document productions"; "interrogatories and requests for admission"; "third-party discovery"; "depositions"; "expert discovery"; and "electronically stored information ('ESI')." *See* Dkt. 33-1 at 4-5. However, Plaintiffs fail to articulate what exactly they lack that would have prevented them from moving for certification within 90 days of filing their Complaint as Local Rule 23.1(b) nevertheless requires. Indeed, the local rule contemplates that discovery may be necessary. Specifically, Local Rule 23.1(b) provides that in ruling on a motion for class certification, the court "may order that a ruling be postponed pending discovery or other appropriate preliminary proceedings." In other words, Plaintiffs could have complied with the rule by arguing in their motion for class certification that certification is warranted but also that the Court should postpone its ruling to afford Plaintiffs the opportunity to pursue discovery to adequately demonstrate their compliance with Fed. R. Civ. P. 23.

---

[12] Plaintiffs may argue on reply, as they did in *Nadeau*, that they do not contend that a plaintiff's fundamental obligation to demonstrate their compliance with Fed. R. Civ. P. 23 automatically justifies extending Local Rule 23.1(b) in every class action. *See* Ex. J at 5. Defendants struggle to see how this is not Plaintiffs' argument, as Plaintiffs do not suggest any circumstances where an extension would not be justified. Further, the plaintiffs in *Nadeau* go on to suggest that extensions should be the rule for <u>employment class actions</u> (of which this case is one). *See id.* ("However, for employment discrimination class actions, courts in this District have routinely adjusted class certification deadlines when discovery was necessary.").

Plaintiffs may challenge this option as "inefficient." Not so. Again, the very purpose of Local Rule 23.1(b) is to facilitate an early resolution of potentially meritless class claims, in line with the "interests of judicial efficiency . . . to proceed to the merits of a controversy as soon as practicable." *See McCarthy*, 741 F.2d at 1412. If Plaintiffs had pursued this option, their motion would not have been a mere "placeholder" pending guaranteed discovery. Defendants would have shown in response to Plaintiffs' motion that the issues are plain enough now to determine that this case is not appropriate for class relief and that no amount of discovery will change that. Indeed, Plaintiffs' counsel are tacitly admitting that they do not have the evidence now to support any of their clients' Rule 23 obligations, in which case they did not have a good faith basis for filing this putative class action in the first instance. *See, e.g.,* Ex. J at 8-9 (emphasis added) (*Nadeau* plaintiffs stating they need discovery regarding numerosity, commonality, typicality, adequacy, predominance, and manageability "to determine whether Rule 23 can be satisfied with evidence rather than speculation"). While it might be bad for Plaintiffs' case, resolving this issue early is most efficient without question. And, in any event, it is clear that Plaintiffs did not even consider this option; they "simply . . . neglected the rule." *See* Ex. A at 7.[13]

## **CONCLUSION**

For all of the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' motion.

---

[13] Plaintiffs' reliance on *Davis v. District of Columbia*, 949 F. Supp. 2d 1 (D.D.C. 2013), *Palmer v. Shultz*, 815 F.2d 84 (D.C. Cir. 1987), and *Aliotta v. Bair*, 614 F.3d 556 (D.C. Cir. 2010), is misplaced, as none of those cases analyzed class certification issues under Fed. R. Civ. P. 23. *See* Dkt. 33-1 at 4-5.

Dated:  July 9, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Christopher J. DeGroff*

Christopher J. DeGroff, *admitted pro hac vice*
IL Bar No. 6244447
CDeGroff@seyfarth.com
Michael D. Jacobsen, *admitted pro hac vice*
IL Bar No. 6303584
mjacobsen@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Chicago, Illinois  60606
Telephone:     (312) 460-5000
Facsimile:      (312) 460-7000

Samantha L. Brooks, DC Bar 1033641
sbrooks@seyfarth.com
SEYFARTH SHAW LLP
975 F. Street, N.W.
Washington, DC  20004
Telephone:     (202) 463-2400
Facsimile:      (202) 828-5393

25

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true copy of the foregoing Defendants' Memorandum of Points and

Authorities in Opposition to Plaintiffs' Motion to Extend the Deadline for Class Certification

was filed by CM/ECF, this 9th day of July 2026, with electronic notification to all counsel of

record.

By: */s/ Christopher J. DeGroff*

Christopher J. DeGroff, *admitted pro hac vice*
IL Bar No. 6244447
CDeGroff@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Chicago, Illinois  60606
Telephone:    (312) 460-5000
Facsimile:     (312) 460-7000